United States District Court
Southern District of Texas
**ENTERED**
February 26, 2020
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD J. HUFF, A/K/A JEROME E. HUFF, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3531 |
| | § | |
| TEXAS A & M UNIVERSITY, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Edward J. Huff, a/k/a Jerome E. Huff, a pretrial detainee in custody of the Austin State Hospital and Brazos County Detention Center at the time of filing, filed this Title VII lawsuit against Texas A&M University ("TAMU") alleging unlawful termination of his employment and breach of his one-year employment contract. On April 26, 2019, TAMU filed the pending motion to dismiss under Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1), (5), and (6), and served Huff a copy of the motion that same date. (Docket Entry No. 17.) The Court's docket shows that Huff has not filed a response to the motion or had any communication with the Court since April 5, 2019, and the motion is deemed unopposed.

Having considered the motion, the pleadings, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for the reasons shown below.

*Background and Claims*

Huff states that he was hired by TAMU in August 2015 for one year as a part-time lecturer in construction safety, renewable on an annual basis upon satisfactory performance.  He states that his contract was renewed in August 2016, but that the head of the TAMU Construction Science Department rescinded the contract on December 19, 2016, citing low class enrollment.  Huff, who states he is of African descent, claims that his termination was based on racial discrimination and retaliation because Huff's classes were full and were assigned to an instructor "of Caucasian descent" following Huff's termination.  (Docket Entry No. 1, p. 11.)

Public court and law enforcement records submitted by TAMU show that on September 18, 2017, Huff was charged with unlawful possession of a firearm by a felon and disorderly conduct with use of a firearm in Brazos County, Texas.  He was arrested on June 15, 2018, and transferred to the Austin State Hospital for evaluation, whereupon he filed this lawsuit.  He was released from detention under a pretrial bond on January 18, 2019.

Huff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") as to TAMU, and was issued a Right to Sue Notice on June 1, 2018.  As per the Notice, Huff had ninety days from date of his receipt of the Notice to file a Title VII lawsuit against TAMU.  He states that he received the Notice on June 18, 2018. However, he did not file this lawsuit until September 28, 2018, and did not attempt to

serve TAMU with process until April 3, 2019. Huff paid the filing fee and is not proceeding *in forma pauperis*.

TAMU moves to dismiss this lawsuit on the following grounds:

(1)     Huff's claim for breach of contract is barred by sovereign immunity;

(2)     Huff's Title VII claims are barred by limitations; and

(3)     No plausible Title VII claim is pleaded.[1]

As noted above, Huff has not responded to TAMU's motion, and the motion is deemed unopposed under the Local Rules of the United States District Court for the Southern District of Texas. *See* L.R. 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

### *Sovereign Immunity*

Huff joins with his Title VII claims a claim against TAMU for monetary damages based on TAMU's alleged breach of contract in December 2016. TAMU argues under FRCP 12(b)(1) that the Court lacks subject matter jurisdiction over this breach of contract claim because the claim is barred by TAMU's sovereign immunity and Eleventh Amendment immunity.

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter jurisdiction exists – Huff in this

---

[1]TAMU moves in the alternative to quash service on grounds that Huff did not obtain timely or proper service. (Docket Entry No. 17.) The Court agrees that Huff did not properly serve TAMU. However, because the Court finds merit to TAMU's sovereign immunity and jurisdictional grounds for dismissal, the Court will grant the motion to dismiss in lieu of quashing service. The Court does not reach the remainder of TAMU's grounds for dismissal.

3

instance – bears the burden of proof for a Rule 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its agencies unless sovereign immunity has been expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). TAMU is a Texas state agency and institution of higher education organized under the laws of the State of Texas. TEX. EDUC. CODE §61.003(3)-(4). *See Chacko v. Texas A&M University*, 960 F. Supp. 1180, 1198 (S.D. Tex. 1997) ("Because [A&M University] is an alter ego of the State of Texas, it is accorded sovereign immunity, and Chacko may not maintain suit against it in federal court under §1981 or §1983.").

The Texas Legislature has not waived TAMU's sovereign immunity from suit for breach of contract claims brought in federal court. *See Jackson v. Texas Southern University*, 997 F. Supp. 2d 613, 648 (S.D. Tex. 2014) ("Texas courts have uniformly held that as a matter of law contract and quasi-contract claims . . . are barred by sovereign immunity."). Huff presents no legal authority holding otherwise. Accordingly, Huff's breach of contract claim is barred by sovereign immunity in federal court, and this Court lacks jurisdiction to proceed on the claim.

4

Huff's breach of contract claim is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### *Ninety-Day Limitation*

Huff was issued a Right to Sue Notice as to TAMU on June 1, 2018. (Docket Entry No. 1, p. 20.) Pursuant to the Notice, Huff had ninety days from his receipt of the Notice to file a Title VII lawsuit against TAMU. Huff states that he received the Notice on June 18, 2018. *Id.*, p. 6. The ninetieth day thereafter was Sunday, September 16, 2018; thus, Huff's lawsuit was due Monday, September 17, 2018. Huff did not file the instant Title VII lawsuit until September 28, 2018, the date this Court received his complaint. Huff has acknowledged this filing date. (Docket Entry No. 16.)

A Title VII plaintiff must file a civil action no more than ninety days after he receives statutory notice of his right to sue from the EEOC. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam); 42 U.S.C. § 2000e-5(f)(1). Within the Fifth Circuit, this requirement is strictly construed and is a precondition to filing suit in district court. *Id. See also Brown v. Bank of America*, 331 F. App'x 284, 285 (5th Cir. 2009). "The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). A district court may dismiss an action under Rule 12(b)(6) for failure to comply with Section 2005e–5(f)(1)'s ninety day filing requirement. *Id.* The record and pleadings in this case clearly show that Huff did not file his Title VII claims within the ninety-day limitation, and his lawsuit is untimely.

On July 31, 2018, prior to and independent of the instant lawsuit, Huff filed a Motion to Extend Deadline and Request for Legal Representation for filing a Title VII lawsuit against TAMU.  The motion was docketed as a miscellaneous case under *Huff v. TAMU*, C.A. No. 18-MC-2188 (S.D. Tex.).  Huff requested an extension until December 21, 2018, to file his Title VII lawsuit against TAMU, and asked for appointment of counsel.  The Court denied the motion as moot on October 4, 2018, noting that Huff had filed the instant Title VII lawsuit against TAMU on September 28, 2018.

Huff suggests in his complaint that he is entitled to equitable tolling of the ninety-day limitations based on the unsuccessful miscellaneous case.  Assuming equitable tolling is applicable in this situation, Huff does not plead factual allegations entitling him to equitable tolling.  While the limitations period is subject to the principle of equitable tolling, the doctrine is "to be applied sparingly." *Manning v. Chevron Chem. Co.*, LLC, 332 F.3d 874, 880 (5th Cir. 2003).

The Fifth Circuit has allowed tolling in Title VII actions when (1) the plaintiff timely filed suit in the wrong forum; (2) the defendant intentionally concealed the facts giving rise to the lawsuit; (3) the EEOC mislead the plaintiff about his rights; and (4) "a plaintiff has actively pursued judicial remedies but filed a defective pleading." *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).  Id.   The Court must also take into account (1) whether the plaintiff acted diligently; (2) whether the delay prejudiced the

defendant; and (3) the balance of equities. *See id.* at 712–13. Huff pleads no factual allegations in support of any of these four situations.[2]

TAMU argues in its motion that Huff is not entitled to equitable tolling under existing Supreme Court and Fifth Circuit precedent, and Huff has not opposed TAMU's arguments. Although Huff's complaint references *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984), *Baldwin* rejected the Title VII claimant's grounds for equitable tolling. Although the claimant therein had filed a motion for appointment of counsel within the ninety-day window, the Supreme Court nevertheless stated, "Nor do we find anything in the record to call for the application of the doctrine of equitable tolling." *Id*. at 151. In other words, the motion for appointment of counsel, standing alone in absence of an actual or constructive complaint, was insufficient to support equitable tolling.

In Huff's situation, the Right to Sue Notice clearly informed him that he could request appointment of counsel, but that "[a] request for representation does not relieve you of the obligation to file suit within this ninety-day period." (Docket Entry No. 1, p. 20.)

The Court notes that, long before the ninety day deadline expired in this case, Huff filed an earlier miscellaneous case attempting to seek an extension of time and appointment of counsel in a different proposed Title VII lawsuit. In *Huff v. Compass*

---

[2]Huff's miscellaneous case was not dismissed as a "defective pleading." It was dismissed as moot.

*Group USA*, C.A. No. 18-MC-1838 (S.D. Tex.), filed with this Court on June 28, 2018, Huff sought an extension of the ninety-day deadline to file a Title VII lawsuit against Compass Group USA. His motion included a request for appointment of counsel. The Court denied the motion and request for counsel on July 18, 2018, and dismissed the proceeding without prejudice for want of jurisdiction. In its order, the Court had expressly and unambiguously informed Huff that a request for an extension of time to file a lawsuit, in absence of an actual or constructive pleading setting forth the claims or the facts of a claim, did not bestow jurisdiction upon the Court. The Court carefully explained to Huff that any request for equitable tolling would need to be made in his actual Title VII lawsuit.

Notwithstanding those rulings and admonitions, Huff repeated his unsuccessful attempt two weeks later by requesting an extension of time and appointment of counsel in *Huff v. TAMU*, C.A. No. 18-MC-2188 (S.D. Tex.). Huff filed a copy of his Right to Sue Notice with the motion, but the Supreme Court has long recognized that a Right to Sue Notice does not constitute an actual or constructive Title VII complaint. *Baldwin*. Nor did Huff's motion itself set forth any factual allegations as to his Title VII claims against TAMU. Given that his similar motion in *Huff v. Compass Group USA* was denied and dismissed on July 18, 2018, Huff was on notice two months prior to expiration of limitations of his claims against TAMU that his similar motion in *Huff v. TAMU*, C.A. No. 18-MC-2188 (S.D. Tex.) would most likely not succeed. Huff nonetheless took no further action to protect his claims against TAMU until the filing of his untimely Title VII

8

lawsuit on September 28, 2018.  Given his failure to responded to TAMU's motion to dismiss, Huff has provided no additional factual allegations or grounds supporting equitable tolling in this instance.  "The simple fact is that [the plaintiff] was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin*, at 151.

Because Huff's pleading establishes no legal or factual basis for holding his Title VII claims timely filed, the claims are DISMISSED WITHOUT PREJUDICE.

## *Conclusion*

For these reasons, defendant Texas A&M University's motion to dismiss (Docket Entry No. 17) is GRANTED and this lawsuit is DISMISSED WITHOUT PREJUDICE. Any and all other pending motions are DISMISSED AS MOOT.

Signed at Houston, Texas on February 26, 2020.

Gray H. Miller
Senior United States District Judge

9